CHARLES BANISTER, Respondent, v. WEBER GAS & GASOLINE ENGINE COMPANY, Appellant.

Kansas City Court of Appeals, February 5, 1900.

1. **Judgments: SISTER STATE: JURISDICTION.** In an action on a judgment of a sister state, jurisdictional questions may be inquired into, though the record recites facts necessary to give jurisdiction.

2. ———: **JURISDICTION: EVIDENCE.** On a review of the evidence and the dealing between the parties it is held that defendant had an agent in Texas and that service was regularly had on it under the law of that state.

3. ———: **CORPORATION DOING BUSINESS IN TEXAS: PERSONAL SERVICE.** Held, that the evidence shows defendant was doing business according to law in the state of Texas at the time service was had on its agent, and that such service warranted a personal judgment against the defendant.

Appeal from the Jackson Circuit Court.—*Hon. Edward L. Scarritt*, Judge.

AFFIRMED.

*Wash Adams* and *Clarence S. Palmer* for appellants.

(1) We contend that the evidence does not substantiate the finding of the trial court that the Texas court had jurisdiction over the person of the defendant. Waddell v. Williams, 50 Mo. 216; Henry v. Bell, 75 Mo. 194, 199; Knapp, Stout & Co. v. Standley, 45 Mo. App. 268. (2) There is no question that this court is authorized to pass upon the jurisdiction of the Texas court. The service was not upon the defendant, but plaintiff claims was made upon its "local agent," and thus gave the Texas court jurisdiction. Defendant contends that it had no local agent upon whom service could have been made, and this is one question for the court to determine. (3) Even if the court should be of the opinion on the parol evidence offered that Canutson was defendant's local agent, yet the finding should be for the defendant, because it does not appear anywhere in the record itself that defendant corporation was engaged in business in the state of Texas. See Texas Law, Abstract of Record, page 26. St. Clair v. Cox, 106 U. S. 350; 2 Black on Judgments, sec. 910; Pennoyer v. Neff, 95 U. S. 714.

*Stewart Taylor* for respondent.

(1) It has been held that even where corporations have not complied with the statutory requirements directing the appointment of a local agent upon whom process could be served, that service upon a person who acts as its agent within the state is sufficient, for it will not be allowed to take advantage of its own illegality to escape service of process. St. Clair v. Cox, 106 U. S. 350; Ins. Co. v. French, 18 How. 404;

March v. Railway, 40 N. H. 548; Gibbs v. Ins. Co., 63 N. Y. 114; McNichol v. U. S. Mercantile Agency, 74 Mo. 457; Hagerman v. Slate Co., 97 Pa. St. 534. (2) The question of agency of Canutson, as determined by the circuit court, is one of the weight of evidence which this court will not review. (3) If the agent was good enough to "handle" defendant's business in Texas, why was he not good enough to bring the defendant into court in a claim arising out of the very business transacted by him? Daggs v. Ins. Co., 136 Mo. 391; Gottschalk v. Feeding Co., 50 Fed. Rep. 681; Mack v. Tobacco Co., 67 N. W. Rep. 176; Mfg. Co. v. Ferguson, 113 U. S. 727; Iron Works v. Mining Co., 15 Colo. 499; Bateman v. Milling Co., 1 Tex. Civ. App. 90; Reed v. Walker, 2 Tex. Civ. App. 92; Diana v. Ins. Co., 13 Fed. Rep. 457; Norton v. Bridge Co., 51 N. J. L. 442.

GILL, J.—This is a suit on a judgment rendered in January, 1896, by a court of competent jurisdiction in the state of Texas. Plaintiff, a resident of that state, sued the defendant, a Missouri corporation, with its principal office at Kansas City, to rescind a contract for the purchase of a certain gasoline engine manufactured and sold by defendant, and to recover as damages the amount paid on the machine and other expenses incurred in the effort to make it operate as warranted. The defendant failed to appear before the Texas court, a judgment by default was entered against it for $1,340.42; and subsequently this action was brought in the circuit court of Jackson county, this state, where, on a trial before the court without a jury, plaintiff recovered and defendant appealed.

I.   The sole question is whether or not the Texas court rendering the judgment upon which this action was brought, acquired jurisdiction of the person of the defendant. It is conceded that if such jurisdiction was obtained according to the laws of Texas, then the judgment is entitled to the same

force and credit in this state as would be attached to it in the jurisdiction where it was rendered. It may be considered as the settled law of this state, that in actions on judgments of a sister state, jurisdictional questions may be here inquired into, even though the record sued on affirmatively recites facts necessary to give jurisdiction. Eager v. Stover, 59 Mo. 87.

II.  Under the laws of Texas, introduced at the trial, it is provided, that "foreign, private or public corporations, joint stock companies or associations, not incorporated by the laws of this state, and doing business within this state, may be sued in any court within this state having jurisdiction over the subject-matter,  *  *  *  in any county where such company may have an agency or representative," etc.  And further, that in such suit against the corporation of another state "citation or other process may be served on" (naming several officers) "or any local agent within this state of such corporation," etc.  In the petition or complaint filed in the Texas court it was alleged that plaintiff Banister was a resident citizen of McLennan county, Texas; that the Weber Gas & Gasoline Engine Company was a private corporation duly incorporated under the laws of Missouri; "that said defendant corporation has an agency in said McLennan county, Texas, and that O. Canutson, a resident citizen of McLennan county, Texas, is the local agent and representative of said defendant in Waco, McLennan county, Texas."  In the return of the sheriff who served the process, it was certified that he executed the same "by delivering to O. Canutson, local agent of the Weber Gas & Gasoline Company, a corporation, the within named defendant, in person a true copy of this writ."

By defendant's answer, filed in the Jackson circuit court, it was denied that Canutson, on whom the Texas process was served, was at any time the local agent for defendant; it was denied that defendant conducted a business in Texas or ever

had an agent there upon whom process could be served. On this latter issue a large amount of testimony was produced before the trial judge, who, as already stated, found the same in favor of plaintiff. That finding is now the principal matter complained of—defendant's counsel insisting that there was no substantial evidence to prove that Canutson was defendant's local agent at Waco, Texas. After a careful consideration of the entire evidence, we must hold this point against defendant. This was a question of fact for the determination of the court sitting as a jury; and like the verdict of a jury, the court's finding must not be disturbed except in the absence of any substantial evidence to sustain it. This is not one of these cases. Other than that, it seems to us that the preponderance of the evidence is in support of the court's finding. The defendant corporation was engaged at Kansas City, Missouri, in the manufacture of gasoline engines. It sought to introduce these machines into the trade in Texas. For this purpose the defendant's managing officer entered into a correspondence with Canutson, the proprietor of a foundry at Waco, Texas, and induced him to take the exclusive agency for the sale of the engines in several counties tributary to Waco. To facilitate sales, the defendant sold to Canutson one of these engines, and it seems at a reduced price, and which was set up in the latter's foundry to be used as an exhibit to proposed customers. The agent was furnished with circulars and other advertising matter and requested to solicit trade. On each sale made within the territory Canutson was to receive a compensation, the exact amount of which is not clear. Thereupon several parties negotiated for the purchase of the engines. Some of these wrote directly to the factory at Kansas City and by the defendant they were referred to Canutson whom it designated as its agent at Waco. It is also shown that Canutson went so far as to execute in defendant's name certain written contracts of sale of the machine, designating himself as defendant's agent—and

this too with the apparent knowledge and consent of the defendant. In short, throughout all the correspondence had between the defendant corporation and Canutson and between said company and the several customers residing in said agent's territory, said Canutson was regarded and treated as the agent and representative of defendant at Waco, Texas. We do not think the evidence justifies the contention that the relation between the defendant corporation and Canutson was that of vendor and vendee. On the contrary, the weight of the evidence, we think, shows that the relation was that of principal and agent, and so the parties themselves treated it. With the sole exception of the engine bought by Canutson for use in his own foundry and machine shop at Waco, the machines were negotiated for and purchased by the different parties from the defendant, and in its name—the said Canutson acting merely as a go-between or intermediate agent for the Kansas City corporation; he was a substitute or person employed to look after and conduct the business operations of the defendant corporation at and about Waco, and therefore its local agent.

III. It appears also on the face of the Texas record, and overwhelmingly by the evidence in the case, that the defendant was at the institution of the suit "doing business" within said state, as required by the statute. On the face of the petition there filed, it was alleged "that said defendant corporation has an agency in said McLennan county, Texas, and that O. Canutson, a resident citizen of McLennan county, Texas, is the local agent and representative of said defendant in Waco, McLennan county, Texas." This was a sufficient showing to support the jurisdiction of the Texas court to render a personal judgment against the defendant. It was at least sufficient to cast the burden on defendant to disprove these facts of jurisdiction. Having an agency there, and in the hands of a duly appointed agent, fairly implied the transaction of business.

The numerous authorities cited by defendant have been examined, but we fail to find in any of them support for its contention here. The record clearly shows that the defendant corporation was conducting its business of selling its engines in the state of Texas; that its place of business was at Waco, Texas, where the defendant had a duly authorized and resident agent; that this agent was served with the process or summons directed by the Texas statute citing defendant to appear and answer plaintiff's complaint and more than this, that said citation was forwarded by the agent to his principal at Kansas City, but defendant saw proper to ignore the summons and failed to make answer. The defendant therefore has had its day in court and must abide the judgment regularly rendered against it.

We discover no cause to reverse the judgment entered by the court below, and it will therefore be affirmed. All concur.