## Gertrude Walker, Appellee, v. Samuel A. Newman, Appellant.

### Gen. No. 14,197.

1. ASSIGNMENTS—*remedies of assignee of lease.* The assignee of a lessor is entitled to the same remedies for the recovery of his rent as existed in favor of such lessor.

2. ASSIGNMENTS—*when sufficiently established.* Held, that upon a motion to vacate a judgment entered by confession the assignment of the lease which contained the power was sufficiently established from the fact that such lease was attached to the declaration, showed the assignment on the back thereof and was read in evidence upon the hearing of such motion.

3. PRESUMPTIONS—*what, aid judgments of courts of record.* All presumptions aid and come to the support of judgments entered in open court by courts of record.

4. CONVEYANCES—*character of lease.* A lease is not a deed poll but an indenture signed by both parties.

5. LANDLORD AND TENANT—*estoppel to dispute title.* A tenant cannot dispute his landlord's title.

6. LANDLORD AND TENANT—*what not eviction.* The fact that after a lease of an apartment in a flat building is executed and possession taken thereunder by the lessee, persons in another portion of such building become stricken with small-pox, is no defense to an action by the lessor to recover rent, in the absence of a covenant in the lease against infectious diseases.

7. JUDGMENTS—*character of motion to set aside, entered by confession.* A motion to set aside a judgment by confession rendered in open court in term time, appeals to the equitable jurisdiction of the court and will not be granted except for equitable reasons.

Judgment by confession. Appeal from the Superior Court of Cook county; the Hon. ALONZO K. VICKERS, Judge, presiding. Heard in this court at the October term, 1907. Affirmed. Opinion filed February 4, 1909.

**Statement by the Court.** March 28, 1905, a lease was executed by "Robert P. Walker, agent," to Samuel A. Newman, the appellant, of the flat on the second floor of the building known as number 4402 Prairie avenue, in the city of Chicago, for the term from May 1, 1905, until April 30, 1907, reserving, as rent for the

same, the sum of $1,440 per annum, payable in monthly installments of $60 each, in advance, on the first day of every month of the term. The lease contained these provisions:

"If default be made in the payment of the rent above reserved, or any installment or part thereon, as provided herein, thereupon and from time to time, as often as such default shall be made, it shall be lawful for, and the party of the second part hereby authorizes any attorney of any court of record to appear in the name, place and stead of said party of the second part, in any court of record, in term time or in vacation, to waive the service of process, and to confess a judgment in favor of said party of the first part, his heirs, executors, administrators and assigns, and against the party of the second part, for the amount of the rent due and in default as aforesaid, with lawful interest thereon to the day of entry of such judgment, together with the cost of such proceeding, and five per cent. upon the amount of rent so due for plaintiff's attorney's fees; also to file a cognovit for the said amounts, with an agreement therein, waiving and releasing all errors which may intervene in any such proceeding and consenting to immediate execution upon such judgment. And said party of the second part hereby ratifies and confirms all that the said attorney may lawfully do by virtue hereof." The signatures are as follows:

"ROBERT P. WALKER, Agent,
SAMUEL A. NEWMAN."

Newman entered into possession of the demised premises and paid the rent for the month of May, 1905, but thereafter ceased to pay rent. It appears from the evidence that appellee, who is the wife of Robert P. Walker, is the owner of the demised premises and that he, in fact, acted as her agent in leasing the premises to appellant.

August 1, 1905, Robert P. Walker, by writing of said date signed and sealed by him, assigned to appellee all his interest in the lease and in the rents therein reserved.

August 4, 1905, such proceedings were had in the Superior Court, under and by virtue of the warrant of attorney in said lease, that judgment by confession was recovered by appellee against appellant for the sum of $189, being the amount of rent due for the months of June, July and August, 1905, and $9 attorney's fee. August 15, 1905, appellant, by his attorney, moved the court to vacate and set aside the judgment and quash the execution. August 29, 1905, the motion was continued one week, and appears to have been continued from time to time thereafter until March 26, 1907, when the court entered an order denying appellant's motion, from which order this appeal is.

Appellant read in support of his motion his affidavit, the declaration, the lease which was attached to the declaration, and the cognovit. The appellant, in his affidavit, states, in substance, that he, with his family, consisting of his wife and a child sixteen years old, went into possession of the demised premises, and shortly thereafter discovered that the apartment below his was leased for and occupied as a boarding house, and that one of the inmates thereof had the small-pox, before learning which fact affiant had been exposed to and had contracted said disease, and affiant, by direction of the board of health of Chicago, was removed to the isolation hospital, where he was confined for several weeks. It was well known to said Robert P. Walker that the apartment next below said demised premises was occupied as a boarding house, and that there was small-pox there, when said Walker executed said lease to affiant. Defendant's wife and child were, in pursuance of the advice of a physician, removed from the demised premises, and thereupon defendant's brother, Adolph I. Newman, called on Robert P. Walker and told him that affiant's family wanted to vacate and surrender said premises, and said Walker said they could do so, and the keys thereof were surrendered to said Walker, who accepted the

same. Thereafter affiant heard nothing from said Walker about said flat till about July 1, 1905, when said Walker sued affiant before a justice of the peace, which suit was continued from time to time till August 2, 1905, when said Walker dismissed it. Affiant never entered into any lease with Gertrude S. Walker, and never knew that she claimed to be or was the owner of the premises, and knew nothing of the judgment in question till execution was served on him.

There were three cases, in all, of small-pox in said building, the first before affiant moved into the building.

Appellee read, in opposition to the motion, the affidavits of Mayme Reder, Wm. J. Arcola, Robert P. Walker and Emil J. Weber.

Emil J. Weber deposed that he was the janitor of the building, and that, May 3, 1903, he was notified by the health department of the city that an occupant of the first flat in the building had the small-pox, and had just been taken to the isolation hospital, and that was the first time affiant knew that any one in the building had the small-pox, and that the family of Samuel A. Newman vacated the flat occupied by them the last week of May, and Mrs. Newman gave the keys to affiant and told him to put a "for rent" sign in the front windows of the flat.

Mayme Reder deposed that she was an employe in the office of Robert P. Walker, and that, May 4, 1905, the janitor in charge of the building called up Walker's office and stated that an occupant of the first flat in the building was ill with the small-pox, which was the first time affiant knew that any one in the building was ill of said disease.

Wm. J. Arcola's affidavit corroborates that of Mayme Reder.

Robert P. Walker deposed that he was the authorized agent of appellee, and as such executed the lease, and that May 4, 1905, was the first time that he, or any

one in his office, knew that any one in the building in question was sick with a contagious disease.

The affiant Reder also deposed that about May 26, 1905, a person who said he was a brother of Samuel A. Newman, and Mrs. Newman, called at the office of Robert P. Walker and said they intended to vacate the flat, and that it was not said to them, by any one in the office, that they would be allowed to surrender the flat, and that affiant told them that if they should vacate the flat, the rent would have to be paid, and that, at that time, Mr. Walker was not present. These statements are corroborated by the affidavit of Wm. J. Arcola, and Mr. Walker deposed that he never had any conversation with Adolph I. Newman concerning surrender of the leased premises, or that he ever consented to the same, and that he was absent from the city when said Adolph I. Newman called at his office.

The court, of its own motion, called and examined as witnesses Robert P. Walker and appellant, and Walker testified that he never saw or had any conversation with Adolph I. Newman.

J. B. LANGWORTHY, for appellant.

WILLARD D. NORTON, for appellee.

MR. PRESIDING JUSTICE ADAMS delivered the opinion of the court.

The contentions of appellant's counsel are, that the lease must be regarded as that of Robert P. Walker, and that he only can sue on it; that it appearing from the evidence that appellee was the owner of the demised premises, and that Robert P. Walker had no interest therein, appellant took nothing by the lease, and is not liable for the rent, and that there was small-pox in the first flat of the building before the execution of the lease.

Conceding that the word "Agent" next following the signature of Robert P. Walker to the lease, is mere

*descriptio personae,* and, therefore, that Mr. Walker must be regarded as the lessor, the evidence is that he assigned the lease to appellee, which being the case, appellee has the same remedy for the recovery of rent due by the terms of the lease which Mr. Walker would have had if there had been no assignment of the lease. Hurd's Stats. 1905, chapter 80, section 14, p. 1298; Keeley B'g. Co. v. Mason, 102 Ill. App. 384.

To this appellant's counsel objects that the assignment is not proven, that it was not read in evidence. It was necessary to file the warrant of attorney in order to obtain judgment by confession, which warrant is contained in the lease; therefore, it was necessary to file the lease, which was filed, attached to the declaration, and was read in evidence by appellant, on the motion to vacate the judgment. The assignment is written on the back of the lease, and the lease is in the record. The judgment was rendered in open court on a day of the August term 1905 of the court. All presumptions are in favor of the judgment, and it must be presumed that the assignment was considered by the court. If it is conceded, as appellant's counsel contends, that Robert P. Walker was the lessor and landlord, and that suit could only be maintained by him in the absence of an assignment of the lease, the fact that the title to the demised premises was not in him, but in appellee, would be no defense to a suit by him for the rent. The lease in question is not a deed poll, but an indenture signed by both parties, and imposing obligations on both, and appellant entered into possession under it. In such case he cannot dispute his landlord's title. Heisen v. Heisen, 145 Ill. 658, 665, *et seq.* See, also, Mackin v. Haven, 187 Ill. 480, 501, and Scott v. Rutherford, 92 U. S. 107. In the last case a lease was executed by persons in their own names, but describing themselves as agents, and not disclosing their principal. Held, that they were the lessors and that the lessee, who went into possession of the leased premises, could not dispute their title.

The great preponderance of the evidence is that there was no one afflicted with small-pox in the building in which the demised premises were, March 28, 1905, when the lease was executed, or at any time thereafter until after appellant took possession, which Emil J. Weber deposes was about April 28 or 29, 1905. Appellant retained possession till nearly the last of May, and there was no surrender of the premises. The fact that, after the lease was executed and appellant had taken possession, persons in the first or lower floor of the building, were stricken with small-pox, is no defense, in the absence of a covenant in the lease against infectious diseases.

In Edwards v. McLean, 122 N. Y. 302, a lease was executed March 28, 1885, for a term of four months from June 1, 1885, the reserved rent being $800. Between the time of the execution of the lease and June 1, 1885, a child of a tenant of the demised premises, whose term was to expire May 15, 1885, was stricken with scarlet fever, and the lessee refused to accept the lease and returned it to the lessor with notice of refusal. The action was for rent due by the terms of the lease. Held, that the lessor was entitled to recover, the court saying: "In the absence of an express covenant a lessor cannot be understood to undertake that the premises embraced in the lease will remain free from infectious diseases during the term. The disease may break out in the tenant's family after he has taken possession, or it may spread upon the premises from neighboring residences. To hold that a tenant under such circumstances would be relieved from paying rent, would, in times of an epidemic of contagious disease in a populous city, nullify a majority of the leases. (Murray v. Albertson, 50 N. J. L. 167; Franklin v. Brown, 27 N. Y. S. R. 955; Edwards v. N. Y. & H. R. R. Co., 98 N. Y. 245; Jaffe v. Harteau, 56 id. 398; Chadwick v. Woodward, 13 Abb. (N. C.), 441.)"

Aside from the claim in reference to small-pox, the

defense is purely technical, and such defense to a judgment by confession cannot prevail. A motion to set aside a judgment by confession, rendered in open court, in term time, as was the judgment in question, appeals to the equitable jurisdiction of the court, and will not be granted, except for equitable reasons. Packer v. Roberts, 140 Ill. 9; Hier v. Kaufman, 134 ib. 215; Mumford v. Tolman, 157 ib. 258.

No meritorious defense is shown in support of this motion. Appellant owes the rent for which judgment was rendered, and appellee, the owner of the demised premises, is entitled to receive it, and no equitable reason why appellant should not pay it is shown by the record.

The order denying appellant's motion to vacate the judgment will be affirmed.

*Affirmed.*