A. M. HESTER, Respondent, v. H. R. FRINK, Appellant.

**Kansas City Court of Appeals, May 3, 1915.**

**JUDGMENTS: Bills and Notes: Jurisdiction: Foreign Judgments.** In a suit instituted in the courts of this State upon a foreign judgment, such judgment may be attacked collaterally and the defendant may show, in contradiction of the record of that court, that the foreign court did not have jurisdiction, either of the person of the defendant or of the subject-matter of the action. And foreign judgments rendered in foreign States pursuant to warrants of attorney in promissory notes are upheld, but the right is reserved to construe such warrants and proceedings thereunder with minute strictness; and, if it appears that the judgment rendered, did not fall within the strict letter of the warrant of attorney, the court may refuse to recognize such judgment as valid.

Appeal from Boone Circuit Court.—*Hon. David H. Harris*, Judge.

REVERSED.

*E. C. Anderson, George S. Starrett* and *McBaine & Clark* for appellant.

*F. G. Harris* and *Finley & Sapp* for respondent.

JOHNSON, J.—This is an action on a judgment by confession recovered by plaintiff November 3, 1911, against defendant in the circuit court of McLean county, Illinois, upon the following negotiable promissory note:

"$1000. Lexington, Illinois, July 29, 1905.

One year after date for value received we jointly and severally promise to pay to Mrs. Emily Shade or order, at State Bank of Lexington, in Lexington, Illinois, one thousand dollars with interest at six per cent. per annum from date.

And to secure the payment of said amount we hereby authorize any attorney of any court of record to appear for us, either or any of us—in such court in term time or vacation at any time hereafter, and confess judgment without process in favor of the holder of this note for such amount as may appear to be unpaid thereon, together with the cost and thirty dollars attorney's fees and to waive and release all errors which may intervene in any such proceedings and consent to immediate execution upon such judgment, hereby ratifying and confirming all that my said attorney may do by virtue thereof.

Witness our hands and seals this day of —— A. D. 190—.

H. R. Frink, J. R. Walker, S. Zook, (Seal)

G. C. Elder, J. A. Moon, J. J. Withers, (Seal)

G. K. Elder, G. W. Bishop, Bob Vaughen, (Seal)"

Payments of interest were indorsed on the back for the years 1906 to 1910 inclusive. The note bore no other indorsement.

It is conceded that defendant was not served with summons and that he did not appear or authorize anyone to appear for him and confess judgment unless the warrant of attorney on the face of the note constituted such authority. Pursuant to that warrant, an attorney of the McLean county bar appeared in the circuit court on the filing of the declaration and, without the knowledge or consent of defendant who had removed to Missouri and was living in Boone county, filed the following *cognovit*:

"And the said H. R. Frink, defendant in the above entitled suit by Walker R. Flint, his attorney, comes

and defends the wrong and injury, when, etc., and waive the issuing and service of process, and enters the appearance of the said H. R. Frink and for plea, says that he cannot deny the action of the said plaintiff nor but that he, the defendant did undertake and promise in manner and form as the said plaintiff hath thereof above complained against him, nor that the said plaintiff has sustained damages on occasion of the non-performance of the several promises and undertakings in the said declaration mentioned, including the sum of thirty and no/100 dollars for his reasonable attorney's fee for entering upon the judgment, over and above all other costs and charges by him about his suit in this behalf expended, to the amount of eleven hundred five and no/100 dollars, and confess judgment therefor and costs; and the said defendant further agrees that no writ of error or appeal shall be prosecuted on the judgment entered by virtue hereof, nor any bill in equity filed to interfere in any manner with the operation of said judgment, and that he hereby releases all errors that may intervene in entering up the same or issuing execution thereon, and consent to immediate execution upon such judgment.''

Attached to this cognovit was the affidavit of J. J. Withers that ''he knows H. R. Frink the maker of the annexed note and knows that said maker executed the power of attorney hereto attached.    Affiant further states that the said H. R. Frink is still living.''

The declaration, cognovit and affidavit were filed in the circuit court of McLean county, November 3, 1911, in vacation, and on the same day judgment by confession was rendered against defendant by the clerk of the court.   The answer in the present action pleads that the Illinois court was without jurisdiction to render judgment for three reasons:   *First,* because plaintiff was not the holder of the note; *second,* since the judgment was rendered more than a year and a day after the execution of the warrant of attorney, the

affidavit attached to the cognovit was fatally insuffi-
cient in omitting to state the amount due on the note
and, *third,* that the note had been fully paid before the
proceeding in the Illinois court, and the judgment by
confession was procured by fraud. A jury was waived,
the court rendered judgment for plaintiff and defend-
ant appealed.

The nine makers of the note above described were
the directors of a telephone company at Lexington
which was in pecuniary straits and the note was given
for money they borrowed from the payee, Mrs. Shade,
for the use of the company. They also borrowed $3800
from the State Bank of Lexington for the same pur-
pose and gave their notes to the bank for $1200 and
$2600 respectively. These notes were carried by the
bank and Mrs. Shade until September, 1911, when Mrs.
Shade delivered her note to the cashier of the bank for
collection and he demanded payment of the three notes.
In the meantime Withers, one of the makers of the
notes, had been appointed receiver of the telephone
company and defendant had sold out his interest in
that company and moved to Missouri. Eight of the
nine makers—all except defendant—paid the amount,
due on the three notes to the cashier, the note belong-
ing to Mrs. Shade being paid in full September 9,.
1911. Mrs. Shade gave the cashier no authority to as-
sign or transfer that note nor to do anything else
than to receive payment in full. On receiving pay-
ment the cashier delivered the note to Withers who,
acting for himself and the other paying makers em-
ployed lawyers to sue defendant on the note instead
of suing him for contribution.

Treating himself as the holder of the note, With-
ers, under the advice of his lawyers, handed it to plain-
tiff, who is a lawyer, with oral instructions to collect
it from defendant and agreed to pay plaintiff a con-
tingent fee of fifty per cent. Plaintiff immediately em-
ployed Withers' attorneys to represent him and turned

the note over to them. A weak attempt was made by plaintiff in his testimony to prove an assignment of the note to him by Withers, but on being asked by the court "Did you say he (Withers) assigned the note to you?" replied, "Well, yes, and delivered it to me. As to whether or not he delivered a written assignment I don't know but I took it in a hurry and left it with Mr. Whitmore (Withers' lawyer) and he said he would write to Mr. Frink—"

The real fact of the transaction is that no attempt at a written assignment, either by indorsement on the note or otherwise, was made and plaintiff was employed by Withers for the sole purpose of becoming the nominal plaintiff in the judgment by confession Withers and his lawyers intended to procure against defendant.

In Bank v. White, 220 Mo. 717, the Supreme Supreme Court, speaking through GRAVES, J. concludes, after an interesting and instructive historical review and analysis of commercial warrants of attorney, that in this State such warrant written into a promissory note authorizing any attorney at law to appear in court, waive service and confess judgment against the maker is an invalid contract, and a judgment rendered in pursuance thereto in this State is also invalid. The opinion says that "insofar as it goes beyond the usual provisions of a note (such contract) is void as against the public policy of the State as such policy is found expressed in our laws and decisions. Such agreements are iniquitous to the uttermost and should be promptly condemned by the courts until such time as they receive express statutory recognition as they have in some States."

There is a statute of that character in Illinois where the contract in question was made (Sec. 66, Chap. 110, Hurd's Rev. Stat. 1903) and the decisions in that State accord the same force and effect to a judgment entered by the clerk in vacation on a warrant

of atttorney in a promissory note as to judgments rendered by the court in regular session. [Keith v. Kellogg, 97 Ill. 147; Holmes v. Parker, 125 Ill. 478; Holmes v. Bemis, 124 Ill. 453; Rising v. Brainard, 36 Ill. 79; Walker v. Newman, 146 Ill. App. 450; Hansen v. Schlesinger, 125 Ill. 230; Farwell v. Huston, 151 Ill. 239; Thomas v. Mueller, 106 Ill. 36.] But it is held by the Supreme Court of that State in Weber v. Powers, 213 Ill. l. c. 380, that in such cases "the authority to confess a judgment without process must be clear and explicit, and must be strictly pursued; and that, if there is no power to enter the appearance of the debtor and confess the judgment, such judgment is a nullity, and binds no one, and may be attacked collaterally for want of jurisdiction in the court to render it."

In a suit in the courts of this State upon a foreign judgment, such judgment may be attacked collaterally and the defendant may show, in contradiction of the record of that court, that the foreign court did not have jurisdiction, either of the person of the defendant or of the subject-matter of the action. [Marx v. Fore, 51 Mo. 69; Eager v. Stover,. 59 Mo. 87; Barlow v. Steel, 65 Mo. 611; Napton v. Leaton, 71 Mo. 358; Bradley v. Welsh, 100 Mo. 268; Hays v. Merkle, 67 Mo. App. 55; Banister v. Weber Co., 82 Mo. App. 528; Caffery v. Mining Co., 95 Mo. App. 174.]

This rule also prevails in Illinois. It is held in Forsyth v. Barnes, 228 Ill. 326, that the provision of the Federal Constitution that full faith and credit shall be given to the judicial proceedings of each State in every other State does not prevent a court of one State from inquiring into the jurisdiction of a court of another State to render a judgment notwithstanding there is a recital of jurisdictional facts in the record of the foreign judgment.

The courts of this State have upheld judgments rendered in foreign States pursuant to warrants of at-

torney in promissory notes (Crim v. Crim, 162 Mo. 544; Bank v. White, supra, l. c. 733) but have reserved the right to construe such warrants and the proceedings thereunder "with minute strictness," and if it appeared that the judgment rendered did not fall "within the strict letter of the warrant of attorney" (Bank v. White, l. c. 727) have refused to recognize such judgment as valid.

It is clear the judgment under consideration was invalid and subject to collateral attack both in that State and in this. The note being fully paid by those who were jointly and severally bound to pay it was extinguished by payment, as was also its incident the warrant of attorney which could not survive it. [Matzenbaugh v. Doyle, 156 Ill. 331.] The cashier having no authority to transfer the note delivered it to Withers as a discharged obligation and Withers could not revive it by assigning it to plaintiff. The proceedings which ended in the procurement of the judgment by confession were without authority and were a patent fraud upon defendant and the administration of justice. The manifest purpose of Withers and his associates was to compel plaintiff to pay more than his just share of the liability discharged by them in the payment of the three notes, but whatever the purpose, the proceedings were without jurisdiction and the judgment is void.

The learned trial court erred in not rendering judgment for defendant. The judgment is reversed. All concur.