Stephens-Adamson Manufacturing Company, Appellee, v. Fireman's Fund Insurance Company, Appellant.

Gen. No. 33,408.

Opinion filed May 14, 1930.

LORD, WIRE & COBB, for appellant; JOHN S. LORD and ARTHUR C. WETTERSTORM, of counsel.

WINSTON, STRAWN & SHAW, for appellee; JOHN D. BLACK, of counsel.

MR. JUSTICE HOLDOM delivered the opinion of the court.

This is an appeal from a judgment of $7,788 with costs in favor of plaintiff and against the defendant insurance company, rendered in a trial before the court without a jury on a finding of the court that such amount was due plaintiff from defendant.

After overruling defendant's motions for a new trial and in arrest of judgment, the judgment appealed from was entered.

The trial judge made the following findings of fact and marked the same and each of them "held," as provided by statute:—

"1. The Court finds that the defendant, Fireman's Fund Insurance Company, issued to the plaintiff December 19, 1924, to be effective January 1, 1925, its policy No. T 262, called a transportation policy, to which was attached a rider in consideration of an additional premium of $750.00 which extended the policy to cover goods at various locations for the purpose of construction and/or erection until the completion of the work and acceptance of the plaintiff's contract for construction and/or erection by the purchasers and to insure such goods against damage and loss by fire.

"2. The Court finds as a matter of fact that prior to the time of the issuance by the defendant of policy No. T 262 the plaintiff had sold Kanawha-Knox Coal Company, under two separate contracts, a coal tipple and coal tipple equipment for an aggregate sum of approximately $24,030.00, and that the Kanawha-Knox Coal Company had paid all of the purchase price due under said contracts except the sum of $18,116.19, which amount was unpaid March 14, 1925.

"3. The Court finds as a matter of fact that the plaintiff delivered to the Kanawha-Knox Coal Company, at Elys, Kentucky, the machinery and equipment covered by two certain contracts between the plaintiff and Kanawha-Knox Coal Company, prior to February 25, 1925; that on February 25, 1925, certain of the machinery so delivered by the plaintiff to the Kanawha-Knox Coal Company, was damaged and destroyed by fire.

"4. The Court finds as a matter of fact that Kanawha-Knox Coal Company never paid plaintiff the

balance of $8,116.19 remaining unpaid on the contracts in evidence in this case, and that the defendant has never paid the plaintiff any amount under the insurance policy sued on in this case."

A careful scrutiny of all the evidence, oral and documentary, found in the record, leads our minds to the conclusion that such evidence was of such effective, probative force as to justify the trial court in making the findings of fact above set out, and that such findings of fact are sustained by the proofs found in the record.

The defendant insurance company *inter alia* argues for reversal that the judgment in this appeal is on a policy of "transportation insurance." This contention is not warranted by the terms of the insurance policy sued on and the rider attached thereto. Both the policy and the rider have this recitation: "The risks covered by this policy at the above described locations, are fire." And the proofs show that the loss under the policy was occasioned by fire and was a fire loss. This provision is found in the rider of the policy:

"This policy is extended to cover goods insured hereunder, the property of the assured, while such goods are at the assured's risk at various locations for purpose of or undergoing construction and/or erection, and shall continue to cover until completion of the work and acceptance of the assured's contract for construction and/or erection by the purchasers."

We find as did the trial judge that at the time of such destruction the title to said property was in the plaintiff and covered by the insurance policy in suit as a fire loss; that the loss arising from the damage and destruction by fire of the insured property was $6,600.02, and that the judgment of $7,788.00 was arrived at by adding interest amounting to $1,188, on such fire damage from the time of the fire to the date of the judgment.

Two contracts between plaintiff and the Kanawha-Knox Coal Company, which were offered and read in evidence on the trial, contained the following provision:

"The title and ownership of the property called for and furnished under the terms of this contract shall remain in the contractor until the full and final payment therefor in cash shall have been made according to the terms agreed upon, and notes, if any, shall have matured and been paid in full in cash. . . . It is further agreed that no machinery, furnished under this contract shall become a fixture by reason of being attached to real estate and any part thereof may be separated from the real estate and may be repossessed by the contractor, or its agents, upon default in payment of the purchase money. . . . No modification of this agreement shall be binding upon the parties hereto, or either of them, unless such modification shall be in writing, duly accepted by the purchaser, and approved by an executive officer of the contractor at Aurora, Illinois."

The record fails to show any written modification of these contracts.

Defendant contends that the property destroyed by fire was delivered by the plaintiff to the Kanawha-Knox Coal Company in April, 1923, as completely installed. Such statement, however, is not borne out by the evidence. The fire which destroyed the insured property occurred in February, 1925. On April 13, 1925, defendant resorted to a subterfuge in an attempt to escape liability for the loss under the policy by sending to plaintiff a check for $21.25, purporting to be returned premiums supposed to cover the loss in question. This check was returned by plaintiff to defendant. After the loss occurred it was too late to return premiums paid to cover such a loss. The attempt to return such premium after the fire was tantamount in law to an admission that the premium sought to be returned covered the property destroyed by fire.

We find no error committed by the court in the admission of evidence upon the part of the plaintiff; that there was no evidence introduced by plaintiff in an attempt to vary the terms of the policy and its riders, or any attempt made to prove a cause of action not covered by the pleadings. Furthermore, it is a rule of law that where a cause is tried by a court without the intervention of a jury, it will be assumed that the court in arriving at its findings and conclusions only took into consideration evidence legally admissible under the pleadings.

It is too late after finding and judgment to claim that the declaration does not state a cause of action. If the cause of action was defectively stated, such a declaration would be sufficient to sustain a judgment entered upon a trial before the court. There was no demurrer filed to the declaration and the defendant went to trial without making any contention that a cause of action was not stated in plaintiff's pleading. The declaration does state a cause of action sufficient to sustain the judgment in this appeal.

As we have already pointed out, the probative force of the evidence is sufficient to sustain the court's finding and judgment. We would have no right to reverse the judgment unless we could say from the record that the judgment is clearly contrary to the preponderating force of the evidence. This cannot be said in view of the evidence found in the record. In *Hovald v. Cunningham,* 159 Ill. App. 134, it is said:

"The witnesses were before the trial judge, who had the benefit of observing the witnesses and their demeanor while testifying, and was, other things being equal, better qualified to pass upon their credibility than is a court of review from the mere reading of a statement of the substance of their testimony in the record. The findings of fact of the trial court, under such circumstances as appear in this record, will not

be disturbed unless clearly and manifestly against the evidence.''

To a like effect is *City of Quincy v. Kemper*, 304 Ill. 303, in which it was *inter alia* said:

''Under the law and established rules of practice the conclusions of the trial judge should not be disturbed unless it clearly appears from the record that such conclusions are wrong.''

Finding no reversible error in the record before us, the judgment of the circuit court is affirmed.

*Affirmed.*

WILSON, P. J., and RYNER, J., concur.