Harry Hemphill, Administrator of Estate of Thomas Jananik and Katy Jananik, Appellee, v. Agnes Trgovic and Frank Trgovic, Appellants.

Heard in this court at the February term, 1945. Opinion filed March 5, 1945. Released for publication April 5, 1945.

HAROLD J. BANDY, of East St. Louis, for appellants.

JOHN B. HARRIS, of Granite City, for appellees.

MR. JUSTICE STONE delivered the opinion of the court.

On June 25, 1936, Thomas Jananik and Katy Jananik, obtained a judgment in the circuit court of Madison county, against Agnes Trgovic and Frank Trgovic, defendants appellants, who will hereinafter be designated as defendants, in the sum of $785.42 and costs of suit.

On November 26, 1943, an attorney acting for Harry Hemphill who is designated in this court as adminis-

trator of the estate of Thomas Jananik, and together with Katy Jananik is one of the plaintiffs appellees, styled hereinafter as plaintiffs, filed his affidavit for scire facias to revive the judgment. This affidavit gives the style of the case as Harry Hemphill, administrator of the estate of Thomas Jananik, and Katy Jananik v. Agnes Trgovic and Frank Trgovic.

It alleges that on June 25, 1936, Thomas Jananik and Katy Jananik, in case general number .. . . , obtained a judgment against Agnes Trgovic and Frank Trgovic and that no part of same has been paid. On this affidavit a writ of scire facias was issued and served on defendants. After the return day, the defendants having failed to answer said writ or to show cause why the judgment should not be revived, a default judgment was taken against them and execution awarded thereon.

Defendants seek a reversal of the judgment on the ground that the affidavit not having alleged that Thomas Jananik and Katy Jananik ever died and not explaining by what authority Harry Hemphill became administrator of the estates, is wholly inadequate and insufficient and that the court erred in issuing the writ of scire facias and reviving the judgment. As matter of fact it appears that Katy Jananik is not dead.

Illinois Rev. Stat. 1943, ch. 83, par. 24b [Jones Ill. Stats. Ann. 107.284(2)], the statute upon which this action is based, provides in substance that actions to revive judgments by scire facias shall be commenced by affidavit of the judgment creditor, or creditors, his or their agents, attorneys or assigns, setting forth a description of the original judgment, by title of the action, date and amount thereof, together with a statement of any partial satisfaction of any original judgment that may appear of record at the time of making such affidavit.

■ ■ Section 48, of the Civil Practice Act [Ill. Rev. Stat. 1943, ch. 110, par. 172; Jones Ill. Stats. Ann. 104.048] provides, "Defendant may, within the time for pleading, file a motion to dismiss the action or suit where any of the following defects appear on the face of the complaint, and he may within the same time, file. a similar motion supported by affidavits where any of the said following defects exist but do not appear upon the face of the complaint; . . . (c) That the plaintiff has not legal capacity to sue." Under the above, defendants after service of the writ upon them could have limited their appearance in court for the purpose of making a proper motion to dismiss, and raised this objection. This was never done. Every presumption is indulged in the validity of a judgment and under the doctrine of "aider by verdict" many informalities are cured by judgment. *Walker v. Newman,* 146 Ill. App. 450; *Stephens-Adamson Mfg. Co. v. Fireman's Fund Ins. Co.,* 257 Ill. App. 443. Judgment on a scire facias will not be set aside for mere irregularities in the judgment, but only because the judgment was void or has been paid. *Orient Mfg. Co. v. Channell,* 209 Ill. App. 438.

■ We believe the affidavit for scire facias was substantially sufficient and finding no error in this record, the judgment of the trial court will be affirmed.

*Affirmed.*