## CHAPIN v. THOMPSON.

THE authority given by statute for entering a judgment by confession must be strictly pursued.

Under the Practice Act of 1850, a judgment by confession is invalid, unless the instrument authorizing its entry is signed by each of the persons against whom it authorizes judgment to be entered.

Where, under said act, two persons signed a confession of judgment against themselves and two others: *Held*, that the judgment entered thereon being void as to those not signing, was equally so as to those signing; and that the authority being to enter a judgment against four, no judgment thereunder could be entered against a less number.

The paper, of which a copy is set forth in the opinion, was filed in the District Court of the Sixth District, on the twenty-seventh day of July, 1850.

Whereupon the Court, then being in session, entered up the following order in the minutes, which were signed by the Judge at the close of that day's proceedings, viz.

" *Chapin* v. *Robert Thompson et al.*   On this day came into Court the defendants, by their attorney, and presented their written confession of judgment in favor of said plaintiffs in the sum of fourteen hundred dollars, with interest at the rate of five per cent. per month from May 21st, 1850.

" Whereupon it is considered and adjudged by the Court that the said plaintiffs do have and recover of the said defendants the sum of fifteen hundred and fifty-six dollars and eleven cents debt, with interest thereon at five per cent. per month, together with the cost of suit."

An entry of said order was made in the " Judgment Book," which by law was required to be kept for the entry of judgments. The entry in the Judgment Book is not signed by the Judge, any further than that his signature appears on a subsequent page of the book, between which and the page of the entry, several other judgments intervene.

February 12th, 1861, the plaintiffs applied to the District Court, and obtained leave to sue out execution on said judgment.   Subsequently, upon proceedings taken on part of the defendants, the execution was set aside, upon the ground that the judgment was

44

Chapin *v.* Thompson.

ineffectual to support it. Whereupon plaintiff moved the Court to enter judgment *nunc pro tunc,* it being claimed by the plaintiff that the warrant of attorney and the minutes of the Court furnished a sufficient authorization for the Court to render perfect by its judgment what had been by accident or mistake left defective. This application was refused; and from the rulings of the Court on these two points the plaintiff has appealed.

The other facts are sufficiently stated in the opinion.

*Tod Robinson,* for Appellants.

I.   The warrant of attorney was a sufficient power to authorize the entry of judgment. It does not lie with the debtor to take advantage of the defects of his own statement. *Beekman, Adm'r,* v. *Kirk,* 15 Howard, Pr. R.  231; *Griffin* v. *Mitchell,* 2 Cow. 548; 5 John's Ch. Rep. 329.

"The object of requiring the statement to set forth the facts out of which the indebtedness arose, was to give protection to creditors against judgments which parties indebted to them might otherwise confess upon sham claims. A fuller statement might therefore be necessary as against creditors than as against the debtor on the judgment." (3 Abbot's Pr. Rep. 376, Note. *Claflin & Salters* v. *Sanger,* 31 Barb. 36.)

A judgment against two persons, by confession on warrant of attorney, may be invalid as to one and stand good as to the other. (*Silvers et al.* v. *Reynolds,* 2 How. [N. J.] R. 275; *Matleaux* v. *St. Aubin,* 2 W. Blackstone, 1133; *Gerraro* v. *Bosse & Sawyer,* 1 Dallas, 119.

II.   In order to give effect to a judgment by confession without action, it is not necessary that the signature of the Judge should be attached thereto.

The reasoning of the Court in 7 Louisana Rep. 469, upon a similar provision in their Practice Act, sustains this view, to which appellant calls the attention of the Court.

A confession of judgment is the act of the party, and not of the Court; the signature of the Judge is therefore not necessary. (1 Kelly [Geo.] Rep. 559.)

III.   The Court below erred in refusing to allow a judgment to be entered up *nunc pro tunc.*

Chapin *v.* Thompson.

It is customary and usual to enter judgments *nunc pro tunc* as of the time when it appears from the record that the plaintiff might and ought to have judgment, though none was in fact rendered at that time, "that the delay arising from the act of the Court may not turn to the prejudice of the party." (1 Kelly, Geo., R. S. 60, and the cases there referred to.)

Here the record shows that the plaintiff was entitled to a judgment, and the omission of the Court in performing a mere ministerial act will operate to his prejudice, unless the record should be rendered harmonious, and that which is imperfect made complete.

*Harrison & Estee*, also for Appellants.

I. The signature of the Judge is not necessary to the validity of judgments entered *without action*.

In the case of *Lanning* v. *Carpenter*, 23 Barb. Sup. Court R. 402, it is held " that no adjudication in fact by the Court, nor the agency of any Judge of the Court, is required in entering judgments by confession. The Legislature have prescribed the judgment, and directed the clerk to enter it; but the judgment is a judgment of the Court by express terms. It has manifestly all the qualities, incidents, and attributes of other judgments, and is to be proceeded with and upon in like manner. It does not differ from any judgment, except in the mode of obtaining it. The confession is the foundation of the judgment, and no judicial action is contemplated."

See, also, *Russel* v. *Geyer et al.*, 4 Mo. 403. It is there held "that a judgment confessed before a clerk, under the statute, is the *conclusion of law on a contract acknowledged of record*."

Also in the case of *Pickett & Gregg* v. *Thurston* et al., 2 Eng. 401, the Court say : "An entry of a judgment by confession is a *ministerial* and *not* a judicial act."

In the case of *Manning* v. *Dove*, 10 Rich. S. C. 395, held, that " a judgment by confession on *sum pro*, taken during vacation, is valid though not entered on the journal."

II. But if the judgment should have had the signature of the Judge, in order to make it valid, still a party cannot be made to suffer for the errors or omissions of an officer of the Court, when

such error does not affect the substantial merits of the case. (See *Need* v. *Berryhill*, 4 How. Pr. R. 16 ; *Andrews* v. *Branch Bank*, 10 Alabama, 375.)

*John Currey*, for Respondents.

I.   The entry of a judgment in the case was not authorized by the defendants, or any or either of them.

By the Act of 1850, before judgment could be entered on confession, the defendant or defendants must authorize it in writing, which writing had to specify the amount for which judgment might be entered.   One of the several debtors could not authorize the entry of judgment against his codebtors.   The defendant Thompson could not authorize the entry of judgment against Taylor ; nor could Hewes bind Huntoon to a judgment by his assumed authority and confession ; nor could Thompson and Hewes become bound or concluded by a judgment on a confession (even were it complete in form and detail as to essential facts) executed by them in the names of all the defendants, because thereby they did not authorize the entry of judgment against any of their number less than the four defendants. (*Manufacturer's and Mechanic's Bank* v. *Cowden*, 5 Hill, 497 ; *Same* v. *Same*, 3 Hill, 461 ; *Gee* v. *Lane*, 15 East, 592 ; *Raw* v. *Alderson*, 7 Taunt. 452.)

In *Gee* v. *Lane*, Lord Ellenborough, C. J., held that a joint warrant of attorney given to enter judgment upon a joint and several bond against the obligors, would not authorize the entering up judgment against one of them alone.   The same doctrine is declared in 5 Hill, 500.   And this principle is involved and recognized in *City of Sacramento* v. *Dunlap*, 14 Cal. 422.

II.   The denial by the Court of the motion of the plaintiff for judgment *nunc pro tunc*, as of the twenty-seventh day of July, 1850, was required by the case presented. (Graham's Prac. 649 ; *Branger* v. *Chevalier*, 9 Cal. 172 ; *Morrison* v. *Dapman*, 3 Id. 255 ; *Sheldon* v. *Wright*, 1 Selden, 523, 524 ; *Atkins* v. *Kinnan*, 20 Wend. 249 ; *Rea* v. *McEachron*, 13 Id. 465 ; *Ford* v. *Walworth*, 15 Id. 449.)

*E. B. Crocker*, for Respondents Hewes and Thompson.

Chapin *v.* Thompson.

I.  The order for execution was properly set aside, because there was no judgment on which to found it, the entry of judgment in the judgment book not being signed.  Whether the entry is valid for anything or not, it is clear that no execution could issue on it until it was signed.   ( *Wells* v. *Stout*, 9 Cal. 407 ; *Butler* v. *Lewis*, 10 Wend. 544 ; *Hammond* v. *Bush*, 8 Abbott, 152 ; *Baine* v. *Dana*, 20 J. R. 307.)

II.  The District Court did not err in refusing to enter a judgment *nunc pro tunc.*

The Court could not judicially know that the signatures to this paper were genuine, or that Hewes and Thompson had authority to sign the names of the other parties.   Thompson and Taylor were partners, and so were Hewes and Huntoon, but this did not authorize them to sign confessions of judgment for their copartners. ( *Cram* v. *French*, 1 Wend. 311 ; *Grazebrook* v. *McCredie*, 9 Id. 437 ; *Morgan* v. *Richardson*, 16 Missouri, 409.)

A judgment *nunc pro tunc* can only be entered upon some entry of record, and the confession is not a matter of record.  ( *Morrison* v. *Dapman*, 3 Cal. 255 ; 10 Ala. 375.)

An authority to confess judgment " against us " will not authorize the entry of judgment against one, even though the other be dead. (1 Bacon Abr., "Attorney," D. 490, citing *Hunt* v. *Chamberlain*, 3 Halsted, 336.)

When a contract, joint in its nature, is drawn for several named persons to sign, it it has no binding obligation upon either, unless all sign it.   It is incomplete, and cannot be enforced unless signed by all, and so signed as to be the act of all and each.  ( *Wood* v. *Washburn*, 2 Pick. 24 ; *Sharp* v. *U. S.*, 4 Watts, 21 ; *Beare* v. *Parker*, 17 Mass. 591 ; *Johnson* v. *Erskine*, 9 Texas, 1 ; *Fletcher* v. *Austin*, 11 Vt. 447.)

COPE, J. delivered the opinion of the Court—FIELD, C. J. and NORTON, J. concurring.

The questions in this case grew out of certain proceedings based upon a paper purporting to be an acknowledgment of indebtedness, authorizing the entry of a judgment by confession.   The paper is dated July 27th, 1850, and reads as follows : " We, Robert Thomp-

Chapin v. Thompson.

son, John Taylor, David Hewes and David Huntoon, defendants, hereby confess and acknowledge that there is now justly due to Horatio Chapin the sum of $1,400, with five per cent. per month interest from May 21st, 1850, for which sum of money we hereby authorize the entry of a judgment against us. The consideration for said indebtedness is a promissory note for the above amount, made and delivered to said Chapin to secure him for so much money lent and advanced by said Chapin to and for the use of the defendants." Then come the signatures of the parties; the name of Taylor being signed by Thompson, and that of Huntoon by Hewes; Thompson and Hewes signing for themselves also. The paper thus signed was brought into Court, and on motion of one Johnson, an order was made directing a judgment to be entered for the amount therein mentioned. A judgment in accordance with this order was thereupon entered by the Clerk in the "Judgment Book," and on the twelfth of February, 1861, an execution was issued upon it by order of the Court. Since that time, various orders have been made annulling the entire proceedings, and the appeal taken is from these orders.

The judgment was rendered prior to the adoption of our present Practice Act, and the matters in controversy are to be determined by the provisions of the Act of 1850. In order to obtain a judgment by confession under that act, it was necessary to present a statement in writing, setting forth the amount for which the judgment should be entered, and authorizing the entry. If the confession was for money due, it was necessary to state concisely the facts out of which the indebtedness arose, and show that the sum confessed was justly due. The application was to be made to the Court, and the judgment was to stand upon the same footing as other judgments—the act requiring all judgments to be signed by the Judge. The judgment was to be signed at the expiration of four days after the entry; and until signed, no execution could be issued upon it. The judgment in this case was not signed, and upon application to the Court the proceedings for its enforcement were arrested and set aside. This is complained of as erroneous; but we are of opinion that the proceedings were illegal, and that no error was committed in setting them aside. The authorities cited

to show that the signing was unnecessary are not in point, for they arose under statutes different in their terms. In addition to these proceedings, however, the Court went back and set aside the judgment entry; and this constitutes another of the alleged errors. The power of the Court to set the entry aside is not questioned, and as it had not been signed, we think an objection on that ground could not be sustained. The matter was still open, and whether the Court acted properly or not depends upon the sufficiency of the authority under which the entry was made. Our opinion upon the subject is that the authority was not sufficient, and we regard the warrant of attorney as ineffectual for any purpose. A fatal objection to it is that it was signed by two of the defendants only—the signatures of the other defendants being attached without their consent. Of course, as to the latter, it was a mere nullity, and as no judgment could be entered upon it against them, it was equally ineffectual as to the former. The maxim, "*utile per inutile non vitiatur,*" does not apply; for the only judgment for which there was even a pretense of authority was a judgment against all. To give validity to such a judgment, it is necessary that all should have signed, and the Court had no power to enter any other. The warrant was the measure of its authority; and any judgment, other than that expressly authorized, would have been *coram non judice.* The signature of Thompson and Hewes cannot be regarded as authorizing a judgment against them alone, for the provisions of the paper are directly to the contrary. They supposed that it was competent for them to confess a judgment against their codebtors as well as themselves, and this was the extent and limit of the authority given. The rule in such cases is, that the authority must be strictly pursued; and this rule has been repeatedly laid down and acted upon by the Courts. (5 Hill, 497; 15 East. 592; 7 Taunt. 452.) There are some decisions in which a different doctrine seems to have prevailed, but we are unable to perceive the principle upon which they rest.

A point is made as to the conclusiveness of the record; the minutes of the Court reciting that the defendants appeared by their attorney, etc. It is contended that this recital precludes any inquiry as to the execution of the paper, as the effect would be to

Chapin *v.* Thompson.

impeach the record. We think, however, that as the record is incomplete, conclusive force is not to be given to its recital, and that the law of estoppels does not apply.

The orders appealed from are affirmed.