AARON STRASBURGER V. ISAAC HEIDENHEIMER.

(Case No. 1602.)

1. CONFESSION OF JUDGMENT — LOST INSTRUMENT — POWER OF ATTORNEY. — A promissory note, in addition to the usual stipulations contained in such instruments, contained a clause authorizing any attorney to appear for the maker in "any competent court, at any time," and confess judgment in favor of the owner or holder of the note, "waiving service of citation and copy of petition, and agreeing that execution may issue at once on the judgment." An attorney of record filed a petition against the maker, alleging the loss of the note, and on the same day waived a copy of the petition for defendant, and service thereof, confessed judgment, and agreed that execution might at once issue. *Held,* error; and that the authority claimed by the attorney did not extend to authorizing him, in an *ex parte* proceeding, to substitute or establish the lost instrument.

ERROR from Galveston. Tried below before the Hon. Wm. H. Stewart.

Suit by Heidenheimer against Strasburger to recover $4,099.13, alleged to be due on a note dated December 13, 1882, payable one day after date to Heidenheimer's order, and executed by Strasburger. The note contained a power of attorney, which, as was alleged, authorized any attorney at law, if the note was not paid at maturity, to appear for Strasburger in any competent court at any time, at any term, and confess judgment in favor of the owner or holder thereof, waiving service of citation and copy of petition, and agreeing that execution might issue at once on the judgment, the conclusion of the note being: "This note is not negotiable nor transferable, and if the agreement of December 16, 1882, signed by me (Strasburger) with Isaac Heidenheimer is complied with on my part, no judgment shall issue on same under above power of confession."

The note was alleged to be lost, and what purported to be a copy was filed among the papers of John Lovejoy, Esq., an attorney at

law, describing himself as acting under "the power of attorney contained in the lost note," waived service of citation and copy of petition, confessed judgment, and agreed that execution might issue at once on such judgment. Execution issued accordingly to both Galveston and Bexar counties.

The filing of suit, confession of judgment and issuance of executions all occurred on the 8th day of May, 1883. The executions issued during the term of court at which judgment was rendered.

*Tarleton & Foreman* and *Davidson & Minor*, for plaintiff in error.

*McLamore & Campbell* and *A. N. Mills*, for defendant in error.

WATTS, J. COM. APP.— Only one question presented by the record will be considered in the disposition of this appeal. It was alleged that the instrument evidencing the claim sought to be recovered had been lost, and what purported to be a copy was given in the petition. In addition to the usual stipulations contained in promissory notes, it authorized any attorney at law to appear for the maker in any "competent court at any time," and confess judgment in favor of the owner or holder of the note, "waiving service of citation and copy of petition, and agreeing that execution may issue at once on the judgment."

From the record it appears that John Lovejoy, an attorney at law, appeared for the maker of the note, May 8, 1883, the same day the petition was filed and the judgment rendered, and by virtue of the power contained, as claimed, in the lost instrument, waived a copy of the petition and service of the same, and confessed judgment in favor of Heidenheimer for the amount thus claimed to be due on the note; also agreeing that execution might issue upon the judgment at once.

It fully and clearly appears that the sole authority under which Lovejoy acted in the matter was that supposed to be contained in the lost instrument.

Where the judgment is confessed by an attorney, the statute requires that "the power of attorney shall be filed, and a recital of the contents of the same be made in the judgment." Here there was no power of attorney which could be filed before the judgment was confessed. That had been lost, and it required an adjudication to substitute or establish the instrument. It is recited in the judgment that the court heard evidence and found that the instrument had been lost, and in effect adjudged that it be substituted. It will

be observed that so much of the adjudication as related to the loss and substitution of the instrument was *ex parte.* Lovejoy was not authorized to waive service or otherwise appear for Strasburger in any proceeding which had for its object the substitution of the lost note. All the authority any one had to appear for him, as shown by the record, was that supposed to be contained in the lost note.

It amounts to this: that Lovejoy appeared for Strasburger and waived service of process, so that his authority to appear, waive service and confess judgment might be established in and by the same judgment which he had confessed. If suit had been brought against Strasburger, and the lost note duly substituted, then, under that substitution, the attorney might perhaps have appeared for Strasburger, waived service and confessed judgment. But it is not true that Lovejoy had any authority to waive the service and confess judgment, by virtue of a supposed power, the evidence of which was claimed to have been lost. The establishment of such a practice would open a wide door to the most palpable frauds, and lead to the grossest injustice.

While such severe and remarkable instruments as that claimed to have been executed by Strasburger have been recognized as valid and binding, still, as was in effect held in Grubbs *v.* Blum, decided at the present term, where a party seeks and obtains such an advantage of another, when he comes into court to reap its fruits he will be held to a strict compliance, upon his part, with the terms of the contract.

Our conclusion is that the judgment ought to be reversed and the cause remanded.

REVERSED AND REMANDED.

[Opinion adopted December 16, 1884.]