No. 5624.

E. L. MORRIS ET AL v. THE BANK OF COMMERCE.

1. PROMISSORY NOTE.—A promissory note signed by several and endorsed by another party provided on its face that if not paid at maturity any licensed attorney was authorized " to appear for us in court and to accept

service, waive process and confess judgment in favor of the legal holder against ———— for the amount of said note, and interest, with ten per cent attorney's fees additional." *Held,*

(1) The power intended to be conferred in the note was incomplete, and it was not a necessity to give it effect that the names of all the obligors should be regarded as filling the blank, by intendment.

(2) The instrument on its face contains nothing to commend it to favor, or to call for presumptions to perfect it.

(3) Though the remedy perhaps intended to be given for its enforcement was harsh and stringent, it was permissible when the note was made, but the law will supply no omissions to perfect such a remedy for a creditor.

(4) The language of the note must be strictly construed in favor of the makers.

(5) Since by its terms the note did not authorize a confession of judgment against all the makers, or against any particular one of them, such a confession of judgment against any of them, was unauthorized by any power contained in it.

APPEAL from Cooke.    Tried below before the Hon. F. E. Piner.

*Barrett & Dougherty,* for appellants.

No briefs on file for appellee.

WILLIE, CHIEF JUSTICE.    This suit was upon a note made payable to the appellee, and signed by all the appellants except L. C. Williams, who wrote his name upon the back of the note before delivery.    The note concluded in the following words:

"In case of the non-payment of the above note at maturity, we hereby authorize any licensed attorney at law to appear for us in court, and to accept service, waive process and confess judgment in favor of the legal holder of said note against ———— for the amount of said note and interest, with ten per cent attorney's fee additional."

Acting under the authority supposed to be conferred by this language an attorney at law appeared in the suit, accepted service, waived process and confessed judgment against all the signers and the endorser of the note in favor of the appellee, for the amount of principal and interest due thereon, as well as for ten per cent attorney's fees.    Judgment having been rendered accordingly, an appeal therefrom is prosecuted by the appellants to this court.

It is very clear that the power contained in the note is incomplete. The blank must be filled in order to authorize the attorney

to confess judgment against any particular person or persons. This blank may be filled with the names of all the parties bound by the note, or with the word "us," which would have the same effect; or it may be filled with the names of one or more of these parties. The authority of the attorney would be different in the one case from what it would be in the other. The attorney did confess the judgment against all the parties bound by the note; and the court in allowing him to do so, construed the power as if the blank were to be filled with a word or words descriptive of all these parties.

If these words were absolutely necessary to give the power any effect, and none other could be supplied consistent with the language of the instrument, there might be some reason for the construction given by the court. But the makers of the note could certainly authorize the attorney to confess judgment against one or more of themselves; if so, words calculated to give the power this effect might be inserted in the blank.

As it was not absolutely necessary to construe the note so as to authorize a confession of judgment against all the makers, must it be so construed if such was the reasonable intendment of the parties? Without pausing to consider what would be the rule in case of an ordinary power of attorney, it is sufficient to say that the instrument under decision has nothing in it which entitles it to any presumption in its favor. The remedy given in the note for its enforcement is harsh and stringent, and whilst it was permissible at the time it was made for a party to thus submit himself to the tender mercies of a creditor, yet it must clearly appear, from his own words, that such was his intention. The law will not step in and supply words or indulge presumptions for the purpose of making such a contract for him.

The language of the instrument will be strictly construed in favor of the makers, and the creditor allowed no benefit from it further than he has bargained for in express terms. This has been the invariable ruling of this court in such cases. (Grubbs v. Blum, 62 Texas, 426; Strasburger v. Heidenheimer, 63 Texas, 5.)

The contract in question does not, in terms, authorize a confession of judgment against all the makers of the note, or any specified portion of them, and the court erred in allowing judgment to be taken against them in manner as stated.

For this error the judgment must be reversed and the cause remanded.

*Reversed and remanded.*

Opinion delivered April 8, 1887.