JOSEPH H. FERGUSON AND CLARA H. FERGUSON v. JOHN OLIVER.

*Foreign courts—Jurisdiction—Appearance.*

1. A general appearance by a resident of Michigan in a suit brought against him in a Canadian court having general jurisdiction of the subject-matter confers jurisdiction over his person, which he cannot question in a suit in this State upon the judgment rendered by the Canadian court.

2. A recitation in said judgment of an order by the master in chambers that the statement of defense to the action filed by the defendant should be stricken out, and that the plaintiff should be at liberty to proceed in the action as in case of default of a statement of defense, will not deprive the court of jurisdiction, it not appearing but that the action taken was consistent with the rules of practice obtaining in that court, and based wholly upon the insufficiency of the pleading itself.

Error to Gladwin. (Cobb, J.) Argued November 22, 1893. Decided February 27, 1894.

Debt. Plaintiffs bring error. Reversed, and judgment entered in this Court for plaintiffs. The facts are stated in the opinion.

*Keena & Lightner,* for appellants.

*T. G. Campbell,* for defendant.

MONTGOMERY, J. This is an action upon a judgment obtained in favor of the plaintiffs and against defendant in the common pleas division of the high court of justice for the province of Ontario. There was no service of process on the defendant in the original suit made within the province of Ontario. A summons was served in Gladwin county, in this State.

It is the settled law of this State that a Canadian or foreign court cannot make its judgments conclusive upon a resident of Michigan by service made in this State upon one who refuses to recognize the jurisdiction of such foreign court. *McEwan v. Zimmer*, 38 Mich. 765.[1] In the present case, however, the judgment, after reciting the service in Michigan, has the following further recitation:

" And the said defendant having appeared and having filed and delivered a statement of defense to the action, and it having been ordered by an order of the master in chambers dated the 19th day of December, 1892, on the application of plaintiffs, that the said statement of defense should be struck out, and that the plaintiffs should be at liberty to proceed in this action as in case of default of a statement of defense."

The plaintiffs contend that the appearance gave the court jurisdiction of the case as completely as would an actual service of process within the jurisdiction of the court. On the other hand, it is contended that the record shows that the court denied the right of the defendant to be heard, and that for this reason he is not concluded.

It is well settled that the appearance of a defendant supplies the place of personal service, and that a defendant who has appeared generally in a proceeding before a court having general jurisdiction of the subject-matter cannot afterwards be heard to question the jurisdiction of the court, when its judgment based upon such appearance is in question. See Black, Judgm. § 225; *Manhard v. Schott*, 37 Mich. 235; *Corbitt v. Timmerman*, 95 Id. 581; *Cofrode v. Circuit Judge*, 79 Id. 339. In the present case there was such an appearance. The jurisdiction of the Canadian court became complete.

Was the court divested of its jurisdiction by the order dismissing the statement of defense? We think not. One

---

[1] See *Howard v. Coon*, 93 Mich. 442.

of the questions which that court was called upon to decide was the sufficiency of the pleadings. The ground upon which the statement of defense was stricken out is not stated, and for aught that appears this action may have been consistent with the rules of practice obtaining in that court, and have been based wholly upon the insufficiency of the pleading itself. It will not do to say that the defendant may appear and submit a defense to that court, and, when the court has held it insufficient, attempt the same defense in an action founded upon the judgment. Defendant's counsel cites the case of *Windsor v. McVeigh,* 93 U. S. 274, as sustaining his contention. In that case it appeared that a proceeding to condemn certain property had been instituted, and a monition published which stated that at the trial all persons interested in the land, or claiming an interest, might appear and make their allegations in that behalf, and warned all persons to appear at the trial and show cause why condemnation should not be decreed, and to intervene for their interest. The owner of the property, in response to the monition, appeared and filed a claim to the property and an answer to the libel. On motion of the plaintiff's attorney, both the *appearance* of the respondent and his answer were stricken from the files on the ground that it appeared that he was at the time within the Confederate lines, and a rebel. The court, in *Windsor v. McVeigh,* where such condemnation was attacked collaterally, held that the judgment was not binding. But we think that case is clearly distinguishable from the present. It there affirmatively appeared that the defendant was denied the right to make any defense in any form. The distinct determination was that he should not be privileged to appear in the case and defend it. The court held that this was denying him any opportunity to be heard, and that the judgment did not constitute judicial determination of his rights, and was not entitled to respect in any

other tribunal.   In the present case there is nothing which shows a denial of the right of defendant to appear, and, as before stated, for aught that appears, there may have been sufficient grounds to justify the Canadian court in striking out the statement of defense.   Nor can it be doubted that the defendant had a standing in the court after an appearance which would have authorized an appeal from that determination.

The case of *Windsor v. McVeigh* is cited in Black on Judgments (§ 226) with the comment that—

"This doctrine derives some support from the cases holding that opportunity to be heard is absolutely essential to the guaranty of 'due process of law.' Nevertheless, for the reasons stated in the beginning of this chapter, in defining 'jurisdiction,' we are not convinced that irregularities in the action of the court, even so gross as those mentioned, can properly be said to deprive it of all jurisdiction, and make its decision a mere nullity."

We think, however, that it may well be said that the action of the court in striking out the appearance of the defendant in the proceedings involved in *Windsor v. Mc-Veigh* was more than an irregularity, and amounted in effect to a nullification of the previous order of the court for a citation by notice,—the only process by which the court could, in the absence of an appearance, have obtained jurisdiction.   We see no reason to question the correctness of the holding in *Windsor v. McVeigh*.   But we agree with the writer of the text that, jurisdiction having been obtained, any irregularity in the action of the court, however gross, does not render the decision a nullity.

In *Carolan v. Carolan*, 47 Ark. 511, it was held that the rendering of a judgment by a justice of the peace without proof, or the striking out of defendant's answer for want of verification, and refusing to let him defend for want of a verified answer, are not errors rendering the

judgment a nullity. The case of *Windsor v. McVeigh* is cited by the court, and distinguished.

The judgment of the circuit court will be reversed, and a judgment entered in this Court upon the findings in the sum of $4,639.23, with interest from the 21st day of June, 1893, and with costs of both courts.

The other Justices concurred.