HASTINGS v. BUSHONG et al.   (No. 6930.)

(Court of Civil Appeals of Texas. San Antonio. April 11, 1923. Rehearing Denied May 16, 1923.)

I. Judgment ⬅⚙�ated815—Full faith and credit given foreign judgment.

Ordinarily a foreign judgment must be interpreted to have the same legal effect as if rendered by a Texas court, and full faith and credit should be given it, provided the laws relied upon to support it are alleged and proven.

2. Judgment ⬅⚙➡942—Presumption judgment note is valid.

In suit upon foreign judgment on judgment note, the presumption arises that the note in

its fullest and most extended terms was the genuine obligation of defendant, giving ample authority to any attorney to confess judgment.

3. Judgment ⬅⚙➡925—Whether makers of judgment note authorized a particular attorney to confess judgment held immaterial.

In action on foreign judgment upon a judgment note, where defendants admitted they signed the note, held, that it was immaterial whether they knew or authorized the particular attorney who appeared in the foreign action personally or otherwise to confess judgment, the record showing he qualified under the powers contained in the obligation, and the foreign court having necessarily passed upon the subject before it, as well as his qualifications.

4. Judgment ⬅⚙➡815—Judgment of sister state may be impeached in certain cases.

A judgment of a sister state may be impeached, and not in every instance recognized, when the grounds of attack are sufficient.

5. Judgment ⬅⚙➡822(3)—Sufficiency of warrant of attorney to confess judgment held concluded by foreign judgment on note.

In action on foreign judgment on judgment note, held that it was immaterial that the laws of the state in which the judgment sued upon was rendered prescribed no form governing warrants of attorney; the sufficiency of the warrant expressed in the note having been passed upon by such foreign court.

6. Judgment ⬅⚙➡940—Unnecessary to prove manner in which judgment can be confessed cognovit under warrant of attorney in foreign state.

In action on foreign judgment on judgment note, held, that it was unnecessary for plaintiff to plead and prove the manner in which judgments can be confessed cognovit under warrant of attorney in the foreign state, since it would be presumed in support of the judgment that such confession was legal, and in compliance with the laws of such state.

7. Abatement and revival ⬅⚙➡13—Pendency of action on judgment note in domestic court no bar to judgment on such note in foreign court.

In action on foreign judgment on judgment note, where it appeared that an action on the note itself was pending in a Texas court, held, that defendants' contention that, because the suit on the note in Texas was not dismissed, it would render "illegal and ineffective any pretended representation of any attorney purporting to represent the appellees [defendants] concerning the same matter in a court without jurisdiction of the parties or subject-matter in the state" in which the judgment was rendered, could not be sustained.

8. Judgment ⬅⚙➡815—Foreign judgment on judgment note entitled to full faith and credit in Texas.

A judgment by confession obtained upon a judgment note in a foreign state will be given full faith and credit in Texas under Const. U. S. art. 4, § 1, and R. S. U. S. § 905 (U. S. Comp. St. § 1519), although such manner of obtaining judgments is condemned in Texas.

Appeal from District Court, Tarrant County; R. E. L. Roy, Judge.

Action by James J. Hastings against Hattie J. Bushong and others. From judgment for defendants, plaintiff appeals. Reversed and remanded.

Sam J. Hunter, Chas. B. Stewart, and Lem Billingsley, all of Fort Worth, for appellant.

Frank R. Graves and G. R. Lipscomb, both of Fort Worth, for appellees.

COBBS, J. Appellant sued appellee by two separate suits in the Seventeenth district court of Tarrant county. The first suit was filed to the April term, 1920, and the second on the 8th day of June, 1921. The first was to recover on the note, and the second was an action to enforce a judgment on said note obtained by appellant against appellee in the circuit court of Stevenson county, Ill., for the amount of $1,833.87.

The parties and subject-matter of the two suits filed in the Seventeenth district court were identical, save, in the last case, it was on the judgment rendered in the circuit court of Illinois on the same note set out in the first suit. No disposition was made of the first suit in the Seventeenth district court, and apparently it had not relinquished jurisdiction.

The judgment of the Illinois court rendered upon the note, the basis of this suit, is as follows:

"And now on this day came the said plaintiff by Robert A. Hunter, Esq., his attorney, and files a declaration in action of trespass on the case on promises against the said defendant, and files also a warrant of attorney, signed and sealed by the said defendants Hattie J. Bushong, J. L. Bushong; the execution of which is duly proven to the satisfaction of the court (by declaration on file) authorizing any attorney of any court of record to appear in this court, waive service of process, and confess judgment in favor of the said plaintiff and against the said defendants for the amount due upon a certain promissory note. Annexed to said warrant of attorney also for the sum of ——— dollars attorney's fees besides the cost of this suit. Thereupon came also George F. Korf, Esq., an attorney of this court in behalf of said defendants, and files his cognovit by which he waives service of process and confesses and consents that judgment may be entered in favor of the said plaintiff and against the said defendants for the sum of $1,833, it being the amount due upon said note, including attorney's fees. And the said attorney releases all errors in entering up this judgment (either in law or equity) or in issuing execution thereon, and consents to the issuing of immediate execution on the same. It is thereupon considered and ordered by the court that the said plaintiff have and recover of the said defendant his damages for the said sum of $1,833.89, so as aforesaid confessed, together with costs and charges by him about this suit in this behalf expended, and that he have execution for the same."

The judgment was predicated upon the following note:

"$1,325.00          Chicago, Ill., Apr. 1, 1912.

"On demand after date for value received, we promise to pay to the order of Charlotte Hastings and James J. Hastings thirteen hundred twenty-five dollars at 4206 Michigan Ave. Chicago, Ill., with interest at 7 per cent. per annum after this date until paid.

"And to secure the payment of said amount hereby authorize, irrevocably, any attorney of any court of record to appear for in such court, in term time or vacation, at any time hereafter, and confess a judgment without process, in favor of the holder of this note, for such amount as may appear to be unpaid thereon, together with costs, and ——— dollars attorney's fees, and to waive and release all errors which may intervene in any such proceedings, and consent to immediate execution upon such judgment, hereby ratifying and confirming all that said attorney may do by virtue thereof.

"[Signed]          Hattie J. Bushong.
"J. L. Bushong."

The law of Illinois introduced in evidence on the subject authorizing such judgments is as follows:

"Section 88. Any person for a debt bona fide due may confess judgment by himself or attorney duly authorized, either in term time or vacation, without process. Judgments entered in vacation shall have like force and effect, and, from the date thereof become liens in like manner and extent as judgments entered in term."

Appellee defended upon the ground that the judgment was void and a nullity, because defendant was never served with notice of the pending of the suit, and denied it was obtained upon due and legal service of any character, and the attorney confessing judgment was unauthorized.

Upon the trial in the Tarrant county district court the proceedings of the Illinois court, the original note, and the Illinois laws were introduced in evidence. Appellees' testimony was to the effect that the signatures to the note were theirs, but a general denial of the note in all other respects, and that they were never served or had notice of the Illinois suit, and never lived in Illinois, but lived in Texas since 1884. The court entered judgment for the appellees.

[1] Ordinarily a foreign judgment must be interpreted to have the same legal effect as if it were rendered by our own courts. Full faith and credit should be given it. Porcheler v. Bronson, 50 Tex. 561. Of course the laws relied upon to support such judgments must be alleged and proven. Cavazos v. Trevino, 35 Tex. 165; Andrews v. Hoxie, 5 Tex. 193; Powell v. De Blane, 23 Tex. 66; Ogg v. Ogg (Tex. Civ. App.) 165 S. W. 912.

The practice of entering judgments on warranties, though now unauthorized in Texas, was a very old one. 2 Chitty Pr. 224, note to 13 L. R. A. 796. Such judgments have been

and are supported by the Illinois courts, not necessary to cite the many cases. Poppers v. Meager, 33 Ill. App. 113; Teel v. Yost, 128 N. Y. 387, 28 N. E. 353, 13 L. R. A. 796.

The note upon which the judgment was procured was introduced in evidence and the signatures thereto were admitted as genuine.

There was no effort to defeat the judgment predicated upon any alleged fraud or trickery used to procure their signatures, or that their signatures were forgeries, or that the judgment had been satisfied, and, of course, as the power of attorney or warrant was embraced in the note, there was no effort to defeat it on the ground of forgery.

[2] The presumption arises that the note in its fullest and most extended terms was the genuine obligation of appellee giving ample authority to any attorney to confess judgment. Shumway v. Stillman, 6 Wend. (N. Y.) 453; Teel v. Yost, 128 N. Y. 387, 28 N. E. 353, 13 L. R. A. 796.

[3] Having admitted they signed the note, it is immaterial that they neither knew nor authorized George F. Korf, the alleged attorney, personally otherwise to confess judgment. That was part of the obligation itself, the record showing he qualified under the powers contained in the obligation. The Illinois court necessarily passed upon the subject before it, as well as his qualifications, so appellee must be irrevocably held by it in this proceeding. First Nat. Bank v. Seass, 158 Ill. App. 122; Teel v. Yost, supra; Sipes v. Whitney, 30 Ohio St. 69; Coleman v. Walters, 13 W. Va. 278; Nicholas v. Farwell, 24 Neb. 180, 38 N. W. 820; Snyder v. Critchfield, 44 Neb. 66, 62 N. W. 306; Ferguson v. Oliver, 99 Mich. 161, 58 N. W. 43, 41 Am. St. Rep. 593.

[4] We agree with the contention of appellee, that a judgment of a sister state may be impeached and not in every instance be recognized when the grounds of the attack are sufficient, just as it has been held in such cases in this state. Banco Minero v. Ross, 106 Tex. 522, 172 S. W. 711; Morris v. Bank of Commerce, 67 Tex. 602, 4 S. W. 246; Grubbs v. Blum, 62 Tex. 426; Strasburger v. Heidenheimer, 63 Tex. 5. In entering judgments such as shown in the last-cited case it affords a good illustration that everything must be done strictly in pursuance with the contract and the power therein vested.

[5] It nowhere appears that the warrant of the attorney to appear in this case was not in accordance with the laws of Illinois, though it is contended by appellee to the contrary. If that were true, it would be subject to a like attack here. It would not change the situation in the least that the laws of Illinois prescribed no form governing warrants of attorney. The sufficiency of the warrant expressed in the note was passed upon by the Illinois court, and we are not permitted, nor do we feel inclined, to ignore the action of the court in the matter.

[6] We do not believe that it was necessary for the appellant to have pleaded and proven the manner in which judgments can be confessed cognovit under warrant of attorney in Illinois. It will be presumed in support of the judgment that such confession was legal, and in compliance with the laws of Illinois. The judgment, the note and the laws of Illinois on the subject were introduced in evidence.

[7] There is nothing in appellees' contention because the first suit was not dismissed it would render "illegal and ineffective any pretended representation of any attorney purporting to represent the appellees concerning the same matter, in a court without jurisdiction of the parties or subject-matter in the state of Illinois." We must admit we do not quite comprehend appellee's meaning or insistence. If the two suits bothered appellee, that question could have been raised and disposed of by the proper plea as provided in article 1905, R. S., which does not appear here to have been followed. That first suit filed in Tarrant county in no way affected the judgment of the Illinois court. It is true, as urged, our courts will not recognize foreign judgments not properly obtained. Chief Justice Phillips said in Banco Minero v. Ross, 106 Tex. 537, 172 S. W. 714:

"But, jurisdiction being granted, the chief requisite for the recognition of a foreign judgment necessarily is that an opportunity for a full and fair trial was afforded. This means, not a summary proceeding, though sanctioned by the law of the forum, but an opportunity to be heard upon the proof where it is apparent that the cause involves questions of fact, and to have it considered by an unprejudiced court.

"The proceedings shown in relation to this judgment make it manifest that the trial of the case in the Mexican court was wanting in these essential elements. They reveal that the action was one unquestionably resting in questions of fact, and that Masterson pleaded what would have constituted a good defense, yet that he was denied the right to present it, it not appearing that his offer to support it was unseasonably made. If it be urged that this was warranted by the Mexican procedure, we are unwilling to give conclusiveness to a judgment which such a procedure sanctions. The judgment and the recitals which accompany it are a maze of words; but, as we interpret their vague and confused statements, it appears to have been rendered upon no proof whatever."

The judgment here under discussion was upon a liquidated demand, needing no other proof to support it.

A case in this state very much in point with this case is Morris v. Bank of Commerce, 67 Tex. 602, 4 S. W. 246. That opinion was also written by a Chief Justice of our Supreme Court, Mr. Willie. The warrant in that case was:

"In case of nonpayment of the above note at maturity, we hereby authorize any licensed at-

torney at law to appear for us in court, and to accept service, waive process and confess judgment in favor of the legal holder of said note against ——— for the amount of said note with interest with 10 per cent. attorney's fee additional."

We now copy the language of Chief Justice Willie, as he disposed of the question much better than the writer can. He says:

"It is very clear that the power contained in the note is incomplete. The blank must be filled in order to authorize the attorney to confess judgment against any particular person or persons. This blank may be filled with the names of all the parties bound by the note, or with the word 'us,' which would have the same effect; or it may be filled with the names of one or more of these parties. The authority of the attorney would be different in the one case from what it would be in the other. The attorney did confess the judgment against all the parties bound by the note; and the court, in allowing him to do so, construed the power as if the blank were to be filled with a word or words descriptive of all these parties. If these words were absolutely necessary to give the power any effect, and none other could be supplied consistent with the language of the instrument, there might be some reason for the construction given by the court. But the makers of the note could certainly authorize the attorney to confess judgment against one or more of themselves; if so, words calculated to give the power this effect might be inserted in the blank.

"As it was not absolutely necessary to construe the note so as to authorize a confession of judgment against all the makers, must it be so construed if such was the reasonable intendment of the parties? Without pausing to consider what would be the rule in case of an ordinary power of attorney, it is sufficient to say that the instrument under decision has nothing in it which entitles it to any presumption in its favor. The remedy given in the note for its enforcement is harsh and stringent, and, whilst it was permissible at the time it was made for a party to thus submit himself to the tender mercies of a creditor, yet it must clearly appear, from his own words, that such was his intention. The law will not step in and supply words or indulge presumptions for the purpose of making such a contract for him.

"The language of the instrument will be strictly construed in favor of the makers, and the creditor allowed no benefit from it further than he has bargained for in express terms. This has been the invariable ruling of this court in such cases. Grubbs v. Blum, 62 Texas, 426; Strasburger v. Heidenheimer, 63 Texas 5.

"The contract in question does not, in terms, authorize a confession of judgment against all the makers of the note, or any specified portion of them, and the court erred in allowing judgment to be taken against them in manner as stated."

It is apparent from what is held in that case the makers "could certainly authorize the attorney to confess judgment against one or more of themselves." There is no blank left in the note in the judgment sued on. It is complete in every particular except it does not express the amount for attorney's fees. It may be said in respect to the amount of attorney's fees, proof was produced. But we do not believe that omission in the note would require us to hold the judgment void under the authorities and the rule laid down which required evidence in the first place to establish foreign judgments. Banco Minero v. Ross, supra.

[8] From a careful consideration of the facts of this case and the authorities presented, as much as we condemn judgments so obtained, yet it is the law of the forum where obtained, and approved by the court trying said cause in Illinois.

We feel it our duty to support that judgment, and give it full faith and credit. Article 4, § 1, of the Federal Constitution, and Rev. Stat. § 905 (U. S. Comp. St. § 1519).

The judgment of the court is reversed, and the cause remanded for a new trial.