14 P.(2d) 268

## LOCKHART v. ROUAULT.

### No. 3660.

Supreme Court of New Mexico.

Sept. 7, 1932.

Edward C. Wade, Jr., of El Paso, Tex., for plaintiff in error.

BICKLEY, C. J.

This is an action in the nature of contribution on a lost instrument said to be a promissory note with a warrant of attorney authorizing a confession of judgment. The alleged contents of the instrument sued upon are set forth in the complaint. The payee is the Union Bank, Las Cruces, N. M.—the makers, R. B. Herndon, T. Rouault, and Cecil H. Lockhart.

It is alleged that, after maturity, Herndon and defendant, Lockhart, failed and refused to pay the note, and that plaintiff was compelled to and did pay it, and that he was, at the time suit was commenced, the owner and holder of said note; that the residence of Herndon was unknown, and that he was insolvent; that the defendant, Lockhart, had not resided in New Mexico since the year 1924; that all signers of the notes were principals.

Analyzed and abbreviated, the power which the alleged warrant of attorney purports to grant is: "To appear for *us* in any court, * * * and waive the issue and service of process and confess judgment against *us* in favor of the holder hereof, * * * and to release all errors and to waive appeal, * * * and to waive all advantage to which *we* may be entitled to under the exemption laws, * * * and *we* consent to immediate execution." (Italics supplied.)

No service of process was ever had upon the defendant. On the same day that the complaint was filed, a member of the New Mexico bar selected by plaintiff's counsel, and at his request, filed an answer waiving issuance of summons and confessing judgment as provided for in plaintiff's complaint. On the same day the district court, hearing the matter, upon the complaint and answer, rendered judgment in favor of the plaintiff against defendant, Lockhart, for the amounts claimed in the complaint. Later, the court, of its own motion, set aside this judgment and entered another judgment for the same amount, and upon the evidence presented at the hearing theretofore had. In this judgment the court made findings setting forth the contents of the note alleged to have been executed; that at maturity Herndon and defendant, Lockhart, did not pay said note to the payee bank, the then holder thereof, and that thereupon plaintiff, T. Rouault, paid off the note to the payee bank, "and that said note was thereupon delivered over to said plaintiff by said Union Bank, and that he is now the owner and holder thereof"; that the allegations of the complaint are sustained; that an attorney entitled to practice in said court filed an answer for defendant, waiving issuance of summons and confessed judgment.

Thereafter the attorney who had filed the answer aforesaid moved the court to set aside the judgment last mentioned on the ground that his appearence for defendant was unauthorized. Upon the same day, plaintiff in error (defendant) appeared specially, and moved to vacate the second judgment on the ground that the court was without jurisdiction to enter it; service of process not

having been had upon him. The court thereupon set aside the last-mentioned judgment, but adjudged that the answer of the purported attorney for defendant was a general appearance for said defendant, and ruled that defendant should plead within thirty days thereafter. This time expiring without appearance of defendant, or filing of any pleading on his behalf, the court entered the final judgment complained of on this review. This final judgment recited the previous proceedings, and contains further recitals that from the testimony and evidence it appeared that the note sued upon was lost, and that the court received parol evidence of the contents thereof. Among the court's findings are that Herndon, as maker, with plaintiff, Rouault, and defendant, Lockhart, as accommodation makers, issued the note in question. This finding must have been based upon some parol evidence, because the alleged note set forth in the complaint a declaration that: "All signers to this note are principals," and there are no allegations in the complaint seeking to vary this recital.

There is a great deal of conflict of judicial thought upon the question of the validity of a warrant of attorney for the confession of judgment executed concurrently with the creation of an obligation. To some judicial minds, the doctrine of the validity of the proceedings by which such judgments are permitted to be entered is assailable on the ground of public policy, and on the further ground of denial of the due process of law, vouchsafed every individual by constitutional provision, in that it is asserted that in such proceedings the citizen is denied his day in court and an opportunity to be heard on account of the absence of service of process upon him.

"As already suggested, there is a very respectable array of authority announcing in no uncertain terms that it is not in keeping with public policy to permit an individual to agree in advance that his creditor may procure judgment against him at some indefinite time in the future, in a court of which he may never have heard, and on confession of an attorney never employed by him and presumably selected by his adversary. 'A man who has signed a paper of that kind, if it is valid, is completely at the mercy of the holder, whatever the merits of the case may be; because the holder may go to any forum in the United States and select an attorney whom he chooses and have judgment entered against the maker, who does not know that he is being sued.' 'Such contracts are iniquitous to the uttermost and should be promptly condemned by the courts until such time as they may receive express statutory recognition, as they have in some states.' 'As far as we are advised, it has never been the understanding of the profession nor of the business community in this state that warrants of attorney to confess judgment had any place in our law.' 'Judgments on confession, without antecedent process, have no basis other than the statute, and a full compliance with the statute is necessary to their validity, and the provisions authorizing them are to be strictly construed.' And the Kansas court has said relative to

such contracts: 'This contract does not purport to confer an authority on any particular attorney. It is not acknowledged or proven as required by the provisions of section 403 of the code. It creates no special agency in any one for the purpose designated, but leaves it open for the plaintiff filing his petition to designate some one to enter an appearance and give the court jurisdiction. It in effect results in giving the defendant no day in court. It would open the door to fraud and oppression and make the courts involuntary parties thereto. In violation of the terms of section 4 of the code, it requires the presumption in the first instance that the contract was executed because it is undenied, when in fact the defendant has no knowledge of the pendency of the suit and no opportunity to deny. The selection of counsel would be in the interest of plaintiff, hence no denial would be reasonably expected. The court acquires jurisdiction of the person of the defendant by act of the plaintiff, not under any provisions of the code, against the defendant's interests, in the face of his positive refusal to appoint any one to appear for him or to appear for himself. It is in effect, though not in form, a confession of judgment contrary to the provisions of the code and without any of the safeguards thrown around such a proceeding; and we are of the opinion that it violates the very terms and spirit of the laws of the state and cannot be upheld.'" Bowers, Process and Service, § 246.

■ Although the validity of such proceedings have been upheld by this court in Morrison v. First National Bank of Taos, 28 N. M. 129, 207 P. 62, and First National Bank of Las Cruces v. Baker, 25 N. M. 208, 180 P. 291, the considerations mentioned by Mr. Bowers, supra, have disposed the courts everywhere to construe the power thus given by the debtor very strictly and to refuse to give force and effect to a confession not made in accordance therewith. See Bowers, Process and Service, § 248, 34 C. J. Judgments, § 285; American Digest (Decennial Edition) Judgment, ☞46 (1).

■ If we had before us a judgment purporting to be by confession, under the warrant of attorney said to be contained in the lost instrument sued upon in this case, there would be many objections which could properly be urged to the validity of such judgment. In the first place, it would be very doubtful if judgment could be confessed under the warrant of attorney where the obligation and the accompanying warrant were not produced and filed among the records of the proceedings. Our statutory procedure contemplates that an action may be maintained upon a negotiable promissory note even though such note is lost or destroyed while it belonged to the party claiming the amount due thereon, and that parol or other evidence of the contents thereof may be given on such trial. Section 105-836 (Comp. St. 1929). We do not know of any statute, however, authorizing the court to dispense with the production and filing of a warrant of attorney to perform such a drastic act as its alleged terms contemplate. While we have

no statute covering the subject, it is stated in 34 C. J. Judgments, § 284: "It is generally required as an essential to the jurisdiction of the court to enter the judgment that the warrant of attorney shall be filed as a part of the record in the office of the clerk in which the judgment is entered and no valid judgment can be entered until it is so filed."

The alleged warrant of attorney did not cover the situation in which plaintiff found himself in the case at bar. It was necessary that proof be made of the execution of the warrant of attorney and of the loss thereof, and it was necessary for the court to determine the fact of the loss of such instrument and as to whether the allegations of the complaint alleging "substantially" its contents were true.

The Texas Supreme Court in Strasburger v. Heidenheimer, 63 Tex. 5, dealing with a similar situation, refused to uphold a judgment by confession obtained on a warrant of attorney alleged to be contained in a lost instrument. That court said:

"Where the judgment is confessed by an attorney, the statute requires that 'the power of attorney shall be filed, and a recital of the contents of the same be made in the judgment.' Here there was no power of attorney which could be filed before the judgment was confessed. That had been lost, and it required an adjudication to substitute or establish the instrument. It is recited in the judgment that the court heard evidence and found that the instrument had been lost, and in effect adjudged that it be substituted.

It will be observed that so much of the adjudication as related to the loss and substitution of the instrument was ex parte. Lovejoy was not authorized to waive service or otherwise appear for Strasburger in any proceeding which had for its object the substitution of the lost note. All the authority any one had to appear for him, as shown by the record, was that supposed to be contained in the lost note.

"It amounts to this: that Lovejoy appeared for Strasburger and waived service of process, so that his authority to appear, waive service and confess judgment might be established in and by the same judgment which he had confessed. If suit had been brought against Strasburger, and the lost note duly substituted, then, under that substitution, the attorney might perhaps have appeared for Strasburger, waived service and confessed judgment. But it is not true that Lovejoy had any authority to waive the service and confess judgment, by virtue of a supposed power, the evidence of which was claimed to have been lost. The establishment of such a practice would open a wide door to the most palpable frauds, and lead to the grossest injustice.

"While such severe and remarkable instruments as that claimed to have been executed by Strasburger have been recognized as valid and binding, still, as was in effect held in Grubbs v. Blum, decided at the present term, where a party seeks and obtains such an advantage of another, when he comes into court to reap its fruits he will be held

to a strict compliance, upon his part, with the terms of the contract."

Furthermore, in Wisconsin, it was held in Kahn v. Lesser, 97 Wis. 217, 72 N. W. 739, 740, that an instrument delegating power to confess judgment is ordinarily subjected to strict interpretation, and the authority will not be extended beyond that given in terms, or which are necessary to carry into effect what is expressly given; and that under a *joint* warrant of attorney annexed to a joint note a judgment cannot be entered against one of the makers alone. The court said:

"It is well settled · that the authority to confess a judgment under a warrant or power of attorney must be strictly construed. An instrument delegating such power is ordinarily subjected to a strict interpretation, and the authority will not be extended beyond that given in terms, or which is necessary to carry into effect what is expressly given. Craighead v. Peterson, 72 N. Y. 279 [28 Am. Rep. 150]; [Manufacturers' & Mechanics'] Bank v. St. John, 5 Hill, 500; Baldwin v. Freydendall, 10 Ill. App. 105; Reed v. Bainbridge, 4 N. J. Law, 351; Spence v. Emerine, 46 Ohio St. 433, 21 N. E. 866 [15 Am. St. Rep. 634]; 28 Am. & Eng. Enc. Law, § 4; Chapin v. Thompson, 20 Cal. 681; Grubbs v. Blum, 62 Tex. 426; Morris v. Bank [of Commerce], 67 Tex. 602, 4 S. W. 246. The rule was well settled at an early day in Hunt v. Chamberlin [8 N. J. Law, 336], 14 Am. Dec. 427, upon the authority of Lord Ellenborough, in Gee v. Lane, 15 East, 592,

where a warrant of attorney was joint, and a motion was made after the death of one obligor in the bond to enter judgment against the survivor, but he refused, saying: 'An action to be brought against *us*' means a joint action. 'An authority by *two* to enter judgment against *us* will not warrant judgment against *one alone*. The authority must be pursued. We cannot violate it.' Raw v. Anderson, 7 Taunt. 453. In [Manufacturers' & Mechanics'] Bank v. St. John, 5 Hill, 500, the court said: 'Although the bond is joint and several, I am strongly inclined to the opinion that the warrant will only authorize a joint judgment against all the obligors. The power is "to appear for us and each of us in an action of debt, to be brought against us and each of us." If the parties intended to authorize a several judgment against each obligor, they have been unfortunate in the choice of language to express their meaning.'" (Italics supplied.)

See, also, to the same effect, Morris v. Bank of Commerce, 67 Tex. 602, 4 S. W. 246, where the court said: "Without pausing to consider what would be the rule in case of an ordinary power of attorney, it is sufficient to say that the instrument under discussion has nothing in it which entitles it to any presumption in its favor. The remedy given in the note for its enforcement is harsh and stringent; and while it was permissible, at the time it was made, for a party to thus submit himself to the tender mercies of a creditor, yet it must clearly appear from his own words that such was his

intention. The law will not step in and supply words or indulge presumptions for the purpose of making such a contract for him."

It is also urged by plaintiff in error that, where a note is paid by one of several joint makers, to the payee or holder, it will operate as an extinguishment of the note as to the later, and that the joint maker who makes the payment cannot sue his comakers on the note, nor can he re-issue it so as to bind his comaker, *but his remedy is to sue for contribution,* citing in support of such contention 8 C. J. Bills and Notes, § 817. In Hester v. Frink, 189 Mo. App. 40, 176 S. W. 481, it was decided that, where the payee of a note signed by a number of makers, which provided that an attorney might appear and confess judgment, delivered the notes to the cashier of a bank for collection, without giving him any authority to do anything more than receive payment, and a number of the makers paid the amount due, and received the note, and to enforce contribution transferred it to an attorney for collection from another maker, a judgment thereon in favor of such attorney, pursuant to the warrant of attorney in the note, and without the issuance of process, was invalid and subject to collateral attack, since the payment of the note extinguished the note and also its incident the warrant of attorney.

Again, the allegations of the complaint show that the obligation matured on October 15, 1921. The suit was commenced September 2, 1930. Thus it appears on the face of the complaint that the obligation was barred by the statute of limitations. It is well settled that a warrant of attorney to confess judgment becomes ineffective as soon as the statute of limitations has run against the debt upon which it is based, and that a judgment thereafter confessed under the warrant of attorney has no force and is void. See 34 C. J. Judgments, § 295. In Kahn v. Lesser, supra, it was held that a warrant of attorney to confess judgment did not authorize the confession of a judgment on a promissory note, after the demand on the note was prima facie barred by the statute of limitations. The court held that a warrant to confess judgment should be strictly construed, and that the fact that the defendant had been out of the state during a large part of the period necessary to bar the demand on the note did not affect the rule applicable to a demand prima facie barred by the statute, so far as the warrant to confess judgment is concerned. It is suggested that, as the theory upon which nonresidence tolls the statutes of limitations, in favor of the debtor, is based upon the inability to secure personal service upon him, no such reason is apparent where personal service is unnecessary under a valid warrant of attorney authorizing confession of judgment against the debtor.

The considerations heretofore mentioned would be very important if we had before us a judgment by confession. Such, however, is not the case, and such considerations are mentioned chiefly to show how re-

luctant the courts have been to give effect to such instruments beyond their specific terms and necessary implications. The decision of the Supreme Court of Missouri in First National Bank of Kansas City v. White, 220 Mo. 717, 120 S. W. 36, 38, 132 Am. St. Rep. 612, 16 Ann. Cas. 889, affords an illustration more aptly fitting the facts in the case at bar. There, as here, the court did not seem to be satisfied to render the judgment authorized by the alleged warrant of attorney. In the case at bar, as in the Missouri case, the judgment is not a judgment by the confession. The court was apparently of the opinion that a judgment by confession would not be valid, but held that the answer filed by the attorney on behalf of defendant amounted to a general appearance on behalf of said defendant, Lockhart, and ordered said defendant to answer or otherwise plead to the complaint within 30 days. Thereafter the plaintiff moved, not for judgment by confession, but for "judgment by reason of defendant's default in failing to answer or plead as heretofore ordered."

As was said in First National Bank v. White, supra:

"It must be apparent that the power of such an instrument as the one before us should be construed with minute strictness. Not only so, but the proceedings thereunder, if valid at all, must be within the strict letter of the warrant of attorney. [Cases cited.]

"If the court acquired jurisdiction of the defendant at all, it was by virtue of the terms of the instrument before us. And if the court could act at all, it must act within the strict purview of the instrument giving it jurisdiction, and enter a judgment as by the terms of the instrument directed, and not otherwise. * * *

"The only judgment which could be entered under the authority granted and given was one by confession. The judgment before us does not purport to be a judgment by confession, or even a judgment by consent. Upon the face of it it is a judgment upon and after a trial in which evidence was heard. So says the judgment; and, there being nothing in the record showing the facts in this regard antedating the entry of judgment, the recitals are conclusive. A judgment upon a trial was beyond the scope of the powers granted in the alleged warrant of attorney. Such a judgment is not a judgment by confession."

From what has been said, it follows that the district court never had jurisdiction of the defendant, and the judgment is reversed, and the cause remanded. It is so ordered.

WATSON, SADLER, and HUDSPETH, JJ., concur.